IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICOLE HUTCHESON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:17-cv-2021-BN |
| | § | |
| DALLAS COUNTY, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER CONVERTING PORTIONS OF MOTION TO DISMISS
TO MOTION FOR SUMMARY JUDGMENT AND
<u>SETTING BRIEFING SCHEDULE</u>**

After the parties filed a written consent, the Court, on February 14, 2019, referred this action to the undersigned United State magistrate judge for all further proceedings, including entry of judgment. *See* Dkt. Nos. 38 & 39; *see also* 28 U.S.C. § 636(c).

Prior to that, the Court denied Defendants' first amended motion to dismiss, and noted that, "[a]t the motion hearing held on January 17, 2019, Plaintiffs, through counsel, orally moved to amend their Complaint as to the failure to train claim and the qualified immunity issue. Defendants did not oppose the oral motion, and the Court granted the motion to amend on the record." Dkt. No. 37.

As ordered, *see id.*, Plaintiffs Nicole Hutcheson and Ruth Boatner have filed a first amended complaint, *see* Dkt. No. 40. Defendants Dallas County, Texas, Fernando Reyes, Trenton Smith, Betty Stevens, and Elvin Hayes now move to dismiss the amended complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). *See* Dkt. Nos. 41 & 42. And qualified immunity is the basis for dismissal invoked by the

individual defendants – all law enforcement officers at least at the time of the incident underlying this action. *See* Dkt. No. 41 at 12-23; *see also Cole v. Carson*, 905 F.3d 334, 336 (5th Cir. 2018) ("Qualified immunity is a judicially created doctrine calculated to protect an officer from trial before a jury of his or her peers. At bottom lies a perception that the jury brings a risk and cost that law-enforcement officers should not face, that judges are preferred for the task – a judgment made by appellate judges."), *pet. for reh'g en banc granted*, 915 F.3d 378 (5th Cir. 2019).

As soon as a defendant invokes an entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam); *see Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014) ("Once the defendant raises the qualified immunity defense, 'the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.'" (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008))).

And this Court's preferred approach to address an invocation of qualified immunity efficiently is a motion for summary judgment raising that affirmative defense. An affirmative defense, such as qualified immunity, however, may only be raised in a motion for summary judgment "if that motion is the first pleading responsive to the substance of the allegations." *Kostic v. Texas A&M Univ. at Commerce*, 11 F. Supp. 3d 699, 711 (N.D. Tex. 2014) (quoting *United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1307 (5th Cir. 1987)); *see also Funding Sys. Leasing Corp. v. Pugh*, 530 F.2d 91, 96 (5th Cir. 1976); *see, e.g., Coker v.*

*Dallas Cnty. Jail*, No. 3:05-cv-05-M-BH, 2009 WL 1953038, at \*13 (N.D. Tex. Feb. 25, 2009) ("Since Defendant UTMB failed to raise exhaustion in its December 6, 2007 motion to dismiss, under *Burzynski* it may not now raise the affirmative defense."), *rec. accepted*, 2009 WL 1953037 (N.D. Tex. July 6, 2009).

But, because Defendants have raised qualified immunity in the first pleading responsive to the substance of the amended complaint – a motion to dismiss – the Court finds it proper to CONVERT those portions of the motion to dismiss based on qualified immunity to a Federal Rule of Civil Procedure 56 motion for summary judgment on each individual defendant's qualified immunity defense. *See* FED. R. CIV. P. 12(d); *see also Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016) ("Under Rule 12(d), a district court may convert a motion to dismiss to a motion for summary judgment so long as it gives the parties a 'reasonable opportunity to present all the material that is pertinent to the motion.'" (quoting FED. R. CIV. P. 12(d))).

The Court will consider the remaining portions of the motion to dismiss under Rules 12(b)(1) and 12(b)(6).

All discovery is typically stayed pending a ruling on a defendant's entitlement to the defense of qualified immunity. *See Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *accord Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.*, No. 3:08-cv-1469-L, 2008 WL 494267, at \*4 (N.D. Tex. Nov. 12, 2008) (citing *Wicks* in ruling that discovery is stayed pending a ruling on an individual defendant's dispositive motion); *see also Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014)*; Backe v.*

*LeBlanc*, 691 F.3d 645 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201 (5th Cir. 2015) (per curiam).

But, where a defendant has asserted a qualified immunity defense, the Court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on that defense. *See Wicks*, 41 F.3d at 994; *Backe*, 691 F.3d at 648 ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."); *see also Burkett v. Kenner Police Dep't*, No. Civ. A. 02-1858, 2003 WL 1340294, at *1 (E.D. La. Mar. 17, 2003) (allowing the exchange of initial disclosures targeted at identifying officers involved in incident at issue after finding that plaintiff's Rule 7(a) reply met the heightened pleading requirement); *cf. Nance v. Meeks*, No. 3:17-cv-1882-L-BN, 2018 WL 5624202, at *4 (N.D. Tex. Aug. 1, 2018) ("[A] court's qualified immunity inquiry at [the summary judgment] stage requires that the Court 'accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true.'" (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); citations omitted)), *rec. accepted*, 2018 WL 5620469 (N.D. Tex. Oct. 30, 2018).

Plaintiffs may therefore file a motion for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in the converted summary judgment motion by **April 5, 2019**.

Any motion for leave must include: (1) the specific interrogatories, if any, that Plaintiffs want to send to Defendants; (2) a list of the specific documents or specific

categories of documents, if any, that Plaintiffs want to obtain from Defendants; and (3) an explanation of why this discovery is necessary to enable Plaintiffs to respond to the specific qualified immunity issues raised in the converted motion for summary judgment. The requested discovery must be narrowly tailored to uncover only those facts needed for the Court to rule on the qualified immunity defense and will only be permitted if Defendants' immunity defense turns at least partially on a factual question *and* the Court is unable to rule on the immunity defense without further clarification of the facts. *See Lion Boulos*, 834 F.2d at 507-08; *Webb*, 618 F. App'x at 206 ("If the complaint alleges facts sufficient to overcome the defense of qualified immunity, and the district court is 'unable to rule on the immunity defense without further clarification of the facts,' then it may allow discovery 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" (quoting *Backe*, 691 F.3d at 648 (in turn quoting *Lion Boulos*, 834 F.2d at 507-08))); *see also Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) ("[A] district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue." (quoting *Lion Boulos*, 834 F.2d at 507)).

Defendants may file a response to Plaintiffs' discovery motion, if one is filed, by **April 22, 2019**. The Court will then review Plaintiffs' request to determine whether any or all of the requested discovery should be allowed.

Alternatively, Plaintiffs shall advise the Court by **April 5, 2019** that they do not need to conduct discovery to respond to Defendants' converted summary judgment

motion.

Plaintiffs are not otherwise required to file a response to Defendants' motion to dismiss and converted motion for summary judgment at this time. The Court will enter further orders after Plaintiffs file their motion for leave to conduct limited discovery or advise the Court that no discovery is necessary.

SO ORDERED.

DATED: March 6, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE