IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICOLE HUTCHESON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:17-cv-2021-BN |
| | § | |
| DALLAS COUNTY, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

After the parties filed a written consent, the Court, on February 14, 2019, referred this action to the undersigned United State magistrate judge for all further proceedings, including entry of judgment. *See* Dkt. Nos. 38 & 39; *see also* 28 U.S.C. § 636(c).

On March 6, 2019, the Court converted those portions of Defendants Dallas County, Texas, Fernando Reyes, Trenton Smith, Betty Stevens, and Elvin Hayes's motion to dismiss Plaintiffs Nicole Hutcheson and Ruth Boatner's amended complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) [Dkt. No. 41] raising the individual officer defendants' entitlement to qualified immunity to a Federal Rule of Civil Procedure 56 motion for summary judgment on each officer's qualified immunity defense. *See* Dkt. No. 43; *see also* FED. R. CIV. P. 12(d). The Court then allowed Plaintiffs to file a motion for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in the converted summary judgment motion. *See* Dkt. No. 43. Plaintiffs filed their motion for leave on April 5, 2019. *See* Dkt. No. 46. And Defendants filed a response opposing leave on April 19, 2019. *See* Dkt. No. 47.

**Legal Standards and Analysis**

Plaintiffs allege under 42 U.SC. § 1983 that each officer defendant violated Decedent Joseph Hutcheson's constitutional right to be free from excessive force. *See* Dkt. No. 40 at 13-16. "A plaintiff makes out a § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law,'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008); brackets omitted); *see also Shepherd v. Shreveport*, 920 F.3d 278, 283 (5th Cir. 2019) ("To prevail on a Section 1983 excessive force claim, 'a plaintiff must establish: (1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" (quoting *Harris v. Serpas*, 745 F.3d 767, 772 (5th Cir. 2014) (quoting, in turn, *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008)); citing *Graham v. Connor*, 490 U.S. 386, 393-97 (1989))).

"But government officials performing discretionary duties" can respond to such a claim by asserting qualified immunity. *Rich*, 920 F.3d at 294 (citing *Haverda v. Hays Cnty.*, 723 F.3d 586, 598 (5th Cir. 2013)).

And "[w]hen a defendant asserts qualified immunity, the plaintiff bears the burden of pleading facts that demonstrate liability and defeat immunity." *Shaw v. Villanueva*, 918 F.3d 414, 416-17 (5th Cir. 2019) (citing *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc)); *see also McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2018) ("When the motion to dismiss raises the defense of qualified immunity, the plaintiff 'must plead

specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm ... alleged and that defeat a qualified immunity defense with equal specificity.'" (quoting *Zapata*, 750 F.3d at 485 (quoting, in turn, *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)))).

To overcome immunity, "[t]he plaintiff must show '(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" *Shaw*, 918 F.3d at 417 (quoting *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013)); *see also Rich*, 920 F.3d at 294 ("Once an officer invokes the defense, the plaintiff must rebut it by establishing (1) that the officer violated a federal statutory or constitutional right and (2) that the unlawfulness of the conduct was 'clearly established at the time.'" (quoting *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)); *Harris*, 745 F.3d at 771 ("Once the defendant raises the qualified immunity defense, 'the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.'" (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)))).

All discovery is typically stayed pending a ruling on a defendant's entitlement to the defense of qualified immunity. *See Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *accord Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.*, No. 3:08-cv-1469-L, 2008 WL 494267, at *4 (N.D. Tex. Nov. 12, 2008) (citing *Wicks* in ruling that discovery is stayed pending a ruling on an individual defendant's dispositive motion); *see also Zapata*, 750 F.3d 481*; Backe*, 691 F.3d 645; *Lion Boulos*

*v. Wilson*, 834 F.2d 504 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201 (5th Cir. 2015) (per curiam).

But, where a defendant has asserted a qualified immunity defense, the Court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on that defense. *See Wicks*, 41 F.3d at 994; *Backe*, 691 F.3d at 648 ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."); *see also Burkett v. Kenner Police Dep't*, No. Civ. A. 02-1858, 2003 WL 1340294, at *1 (E.D. La. Mar. 17, 2003) (allowing the exchange of initial disclosures targeted at identifying officers involved in incident at issue after finding that plaintiff's Rule 7(a) reply met the heightened pleading requirement).

As the Court set out in the March 6, 2019 order, any motion for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in the converted summary judgment motion

> must include: (1) the specific interrogatories, if any, that Plaintiffs want to send to Defendants; (2) a list of the specific documents or specific categories of documents, if any, that Plaintiffs want to obtain from Defendants; and (3) an explanation of why this discovery is necessary to enable Plaintiffs to respond to the specific qualified immunity issues raised in the converted motion for summary judgment. The requested discovery must be narrowly tailored to uncover only those facts needed for the Court to rule on the qualified immunity defense and will only be permitted if Defendants' immunity defense turns at least partially on a factual question *and* the Court is unable to rule on the immunity defense without further clarification of the facts.

Dkt. No. 43 at 4-5 (citing *Lion Boulos*, 834 F.2d at 507-08; *Webb*, 618 F. App'x at 206 ("If the complaint alleges facts sufficient to overcome the defense of qualified immunity, and the district court is 'unable to rule on the immunity defense without further clarification of the facts,' then it may allow discovery 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" (quoting *Backe*, 691 F.3d at 648 (in turn quoting *Lion Boulos*, 834 F.2d at 507-08))); *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) ("[A] district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue." (quoting *Lion Boulos*, 834 F.2d at 507))).[1]

Plaintiffs request leave to serve 3 interrogatories and 2 related requests for production asking that Defendants "identify the name, address, telephone number, and

---

[1] *See also Dyer v. City of Mesquite, Tex.*, No. 3:15-cv-2638-B, 2017 WL 118811, at *3 (N.D. Tex. Jan. 12, 2017) ("While Defendants are correct in their assertion that qualified immunity protects defendants asserting the defense from pretrial discovery, there are exceptions to this principle. Specifically, '"if further factual development is necessary to ascertain the availability of ... the qualified immunity defense,"' discovery, 'narrowly tailored to uncover only those facts needed to rule on the immunity claim' may be permitted. But first, the district court must carefully ascertain that the plaintiff has alleged '"specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity.'" This inquiry 'incorporates the pleading standards established in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)].' Assuming the allegations meet this standard, then and only then, if the court still cannot resolve the qualified immunity defense without further factual development, the court may defer its qualified immunity ruling and order discovery '"narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" And, given what is at stake – overcoming qualified immunity's protection from pretrial discovery – the district court's review process has been described as a "careful procedure." (citations and original brackets omitted)).

e-mail address of all individuals interviewed in your investigation of the incident that is the subject of this suit" and answer whether they are "in possession of [1] any witness statements regarding the incident that is the subject of this suit, whether written or recorded by audio or video ... [and 2] any notes or audio or video recordings that summarize or comment on any witness's statements regarding the incident that is the subject of this suit." Dkt. No. 46 at 6.

Plaintiffs argue that this discovery is legally necessary at this time "so that they can learn whether Defendants are in possession of any information that could contradict the version of events that they advanced in their Amended Motion to Dismiss." *Id.* at 2; *compare id.* at 4 ("[I]f Plaintiffs can produce evidence that Joseph was *not* resisting arrest at the time he was first stricken, punched, or slammed to the ground, Defendants are not entitled to summary judgment on their qualified immunity defense.") & *id.* at 4-5 ("Plaintiffs acknowledge that they are currently in possession of a redacted version of Defendants' internal affairs investigation, but the only non-redacted portions are statements from Defendants and other Dallas County employees that support their version of events. The accounts of other eyewitnesses – along with their identity and contact information – has not been provided to Plaintiffs. Should these witnesses have information that contradict the sworn statements of Defendants and their co-workers, such information would certainly fall within the scope of discoverable information." (footnote omitted)), *with Nance v. Meeks*, No. 3:17-cv-1882-L-BN, 2018 WL 5624202, at *4 (N.D. Tex. Aug. 1, 2018) ("[A] court's qualified immunity inquiry at [the summary judgment] stage [generally] requires that the Court

'accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true.'" (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); citations omitted)), *rec. accepted*, 2018 WL 5620469 (N.D. Tex. Oct. 30, 2018); *Shepherd*, 920 F.3d at 283 ("However, when there is a videotape that discredits the non-movant's description of facts, [a court] will 'consider "the facts in the light depicted by the videotape."'" (quoting *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (quoting, in turn, *Scott v. Harris*, 550 U.S. 372, 381 (2007)))).

Plaintiffs' attempt to obtain any evidence that may support a version of the facts that may defeat summary judgment on qualified immunity does not fit within the limited scope of a discovery request "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Backe*, 691 F.3d at 648; *Lion Boulos*, 834 F.2d at 507-08.

And Plaintiffs' open-ended requests – to uncover any facts, as opposed to specific questions of fact, that may be helpful to their version of events – fail to advance the second step of the "careful procedure" set forth in *Backe, Wicks,* and *Lion Boulos*, which requires that the district court "identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to qualified immunity." *Zapata*, 750 F.3d at 485; *see also Zanitz v. Seal*, 602 F. App'x 154, 163 (5th Cir. 2015) (per curiam) ("Even a 'limited discovery' order does not satisfy the second step if 'the district court [does] not identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to immunity.'" (citation omitted)).

Tellingly, in the motion for leave, Plaintiffs argue that, "[s]hould" witnesses identified in response to the requested discovery "have information that contradict sworn statements of Defendants and their co-workers, such information would certainly fall with the scope of discoverable information" under Federal Rule of Civil Procedure 26(b)(1). Dkt. No. 46 at 5-6. But Rule 26(b)(1) defines what is relevant very broadly. *See, e.g., Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470-71 (N.D. Tex. 2005) ("When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under [Rule] 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." (quoting *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999))); *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) ("Although Rule 26(b)(1) limits the scope of discovery to nonprivileged and relevant matter, relevance is construed broadly to include '[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" (footnote and citations omitted)). That rule's "broad scope of relevance" far exceeds the scope of discovery allowed prior to the Court's resolution of a qualified immunity defense. *See, e.g., Baptiste v. Colonial Sugars, Inc.*, Civ. A. No. 92-3513, 1995 WL 491153, at *4 (E.D. La. Aug. 16, 1995) ("With regard to plaintiffs' state law claims and official capacity claim against Sheriff Martin, plaintiffs are entitled to conduct discovery to the full extent allowable under Rule 26(b)(1) .... Until the qualified

immunity issue is decided, discovery from Nassar must be limited as outlined in this order.").

## Conclusion

The Court DENIES Plaintiffs' motion for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in the converted summary judgment motion [Dkt. No. 46].

And the Court ORDERS Plaintiffs to file a written response to the motion to dismiss amended complaint and motion for summary judgment, *see* Dkt. Nos. 41, 42, & 43, by **June 3, 2019**.

The response must be accompanied by or incorporate a brief, and the response and the brief shall not together exceed 30 pages in length, excluding any table of contents and table of authorities. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). The responding party's brief shall discuss whether the responding party agrees with the moving party's identification of the live pleadings for each party who has appeared in the action and, if not, why not. Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The responding party must bracket in the margin of each document in the appendix the portions of the document on which the respondent relies, and, when citing materials in the record, the responding party must support each assertion by citing each relevant page of its own or another party's appendix. The appendix shall be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit

must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6(b). Additionally, except to the extent any requirement is modified herein, the response and brief must comply with the requirements of Local Civil Rules 56.4(a)-(c), 56.5(a), 56.5(c), and 56.6(a)-(b).

A motion for continuance made under Federal Rule of Civil Procedure 56(d) must be filed separately and may not be included in the response to the motion for summary judgment, brief in support thereof, or any other document.

Defendants may file a reply brief, but no additional evidence, by **June 18, 2019**. The reply shall not exceed 15 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). No supplemental pleadings, briefs, or summary judgment evidence or other documents may be filed in connection with the motion for summary judgment or response thereto without leave of court. *See* N.D. TEX. L. CIV. R. 56.7.

Further, prior to the parties' filing their written consent under Section 636(c), United States District Judge Karen Gren Scholer entered an order referring this case to mediation. *See* Dkt. No. 35. Because the parties' mediation efforts may make it unnecessary to consider the motion to dismiss and for summary judgment, the Court requests that the parties file a joint status report regarding the timing of these efforts, if any, by **June 3, 2019**.

SO ORDERED.

DATED: May 2, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE